■ In the Matter of the Claim of MARY BROWN, Appellant, v. NATHAN WILLIAMS, Doing Business as TRIUS IMPROVEMENT COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the claimant from a decision of the Workmen's Compensation Board, filed December 4, 1964, which disallowed her claim for death benefits. The board found "that decedent was engaged [at the time of accident] in a joint venture with Nathan Williams and James Fowler on the job being performed * * * and was not an employee." Some time before March 14, 1963, Nathan Williams allegedly entered into an oral agreement with James Fowler and the decedent, David Brown, which provided that if he contracted to do a waterproofing job for Arthur Schiffman, the owner of a building located at 224 East 7th Street, New York City, he, Brown, and Fowler would perform work on the job and would share in the proceeds after deducting any expenses incurred in connection with the job. On July 14, 1963, Williams entered into a written contract with Schiffman to waterproof and paint the outside of Schiffman's building. The price agreed upon was $719.25, of which $119.25 was advanced to Williams. Of this amount, after deducting for the cost of materials, Williams retained $25 and gave $25 to the decedent and $25 to Fowler. The following Sunday, Mr. Schiffman gave Williams another $65. Williams, after deducting $5 for fuel, oil and gas for his car, which was used in transporting the men to the job, gave $20 to the decedent, $20 to Fowler and retained $20 for himself. On July 22, 1963, David Brown fell from a scaffold while working on the job at 224 East 7th Street and sustained fatal injuries. The issue upon this appeal is whether or not the record contains substantial evidence to support the finding of the board. In the instant case there is no evidence that the respondent, Williams, entered into the joint venture agreement solely or deliberately to avoid the provisions of the Workmen's Compensation Law. Although there is evidence in the record which would be consistent with the status of an employer-employee relationship, there is substantial evidence to support the board's finding that decedent was not an employee. (See *Matter of Slater* v. *Town of Southport*, 29 A D 2d 592.) Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by Herlihy, J.